IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

BLAIR RAMOS-IZQUIERDO, LESLIE C.,                Case No.:20-01125-MCF

Debtor.                                          Chapter 7

_____/

**CHAPTER 7 TRUSTEE'S OPPOSITION TO DEBTOR'S NOTICE OF CONVERSION TO CHAPTER 7 AND, IN THE ALTERNATIVE, FOR RECONVERSION TO CHAPTER 7 IN THE EVENT DEBTOR OR CHAPTER 13 TRUSTEE REQUESTS THE DISMISSAL OF THE CASE**

**TO THE HONORABLE COURT:**

**COMES NOW**, Noreen Wiscovitch-Rentas, Chapter 7 Trustee in the case of reference, state and pray as follows:

1.      On February 29, 2020, Debtor, Leslie Caroline Blair Ramos-Izquierdo, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Puerto Rico. [Dkt. 1].  Noreen Wiscovitch is the duly appointed and qualified Chapter 7 Trustee.

2.      On June 15, 2020, the Debtor filed a Notice of Conversion to Chapter 13.  See Dkt. No. 32.

3.      The Trustee has held three (3) 341 Meetings of Creditors, and the meeting has not concluded.  The Meeting has been continued to July 2, 2020.

4.      The Debtor recently amended Schedule A/B, to correct Debtor's ownership and participation in two residential real estate properties.   See Dkt. No. 21.  The other owner of the

realties are Debtor's late husband's children, along with the Debtor.  The Debtor occupies one of

the realties.  The Second Realty is occupied by one of the Debtor's adult children.

5.      While the 341 Meeting was pending, the Trustee requested the opinion of a realtor as to

the value of the realty located at Interamericana No. 904, University Garden, San Juan, PR

00924.  The Debtor had originally valued the same at $114,000 and claiming an ownership of

50%.    The property has a mortgage in the approximate amount of $87,000.    The Trustee

learned that the value of the property is closer to $140,000.00.   Further, the Debtor provided a

copy of the Open Will of her late husband.   It happens that the Debtor owns 50% of both

realties, plus an additional 1/3 of the Inheritance Estate plus the vidual share over the remainder.

The Trustee estimates that the Debtor owns approximately 70% to 75% of the realties, which

according to the Debtor are the only assets left by her late husband.   The Trustee estimates that

the equity owned by the Debtor in the realty located at Interamericana No. 904 is approximately

$40,000.

6.      The Trustee has already hired a realtor to attempt to sell the Interamericana Realty, plus

an attorney to "adverar" the will in State Court in order to sell and transfer title.

7.      The Debtor has no other income but social security in the amount of $2,278.00.

8.      In Schedule I, which has not been amended to date, contains the following is Debtor's

comments as to changes to her future income and in connection to her social security income:

13.  **Do you expect an increase or decrease within the year after you file this form?**

DEBTOR RECEIVES SOCIAL SECURITY BENEFITS, WHICH ARE NOT CONSIDERED
INCOME FOR BANKRUPTCY PURPOSES. BY INCLUDING AND/OR DISCLOSING THE
SOCIAL SECURITY INCOME IN THIS SCHEDULE, IN NO WAY IS A WAIVER OF ANY
RIGHT NOT TO CONSIDER THEM INCOME, NOR IT SHOULD BE CONSIDERED THAT SHE
IS PLEDGING THEM TO PAY FOR DEBTS.

9.      The Debtor has not filed a proposed plan, or explained how she will be able to pay for a Chapter 13 Plan, when under oath she has stated that she will not use her social security to repay creditors.

10.      Debtor has filed the Notice to convert to Chapter 13 in bad faith.  She has not shown at *prima facie* that her economic situation has improved since the filing of the Petition to be able to propose a Plan which could confirmed.

11.      Debtor is impeding the administration of assets of the Estate by the Chapter 7 Trustee by trying to convert the case to a Chapter 13.

12.      In the Alternative, if the Court, after considering the above objection, deems that conversion is appropiate, then the Trustee respectfully requests for the Court and the Chapter 13 Trustee to consider the reconversion of this case to Chapter 7 instead of a dismissal, in the event that the Debtor fails to propose a confirmable plan and/or fails to make payments under a confirmed plan.

     WHEREFORE, the Trustee, NOREEN WISCOVITCH RENTAS, respectfully requests the Court to take notice of this response and deny the Notice requesting the conversion of this case, or in the alternative to reconvert instead of a Dismissal, if the Debtor fails to propose a confirmable plan and/or make payments under a confirmed plan and for any further relief this Court deems just and proper under the circumstances.

          In San Juan, Puerto Rico, this 16th day of  June 2020.


                    CERTIFICATE OF ELECTRONIC FILING AND SERVICE

  I hereby certify that on this same date a copy of this motion has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notifications of such filing to Debtor; Debtor's attorney Juan M. Suarez Cobo at suarezcobo@gmail.com, to the Office of the U.S. Trustee and to all CM/ECF participants and to the debtor, Leslie Caroline Blair Ramos Izquierdo at University Garden, 774 Georgetown, San Juan, PR  00927.

*/s/Noreen Wiscovitch-Rentas*
NOREEN WISCOVITCH-RENTAS
Chapter 7 Trustee
PMB 136, 400 Calaf Street
San Juan, PR 00918
Tels. (787)946-0132
E-mail: noreen@nwr-law.com