# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br>LESLIE CAROLINE BLAIR RAMOS-IZQUIERDO<br>Social Security: xxx-xx-0753<br><br>Address:<br>UNIVERSITY GARDENS<br>774 GEORGETOWN<br>SAN JUAN, PR 00927<br><br>**DEBTOR** | CASE NO. 20-01125-MCF/NW<br><br>CHAPTER 7 |

**REPLY TO CHAPTER 7 TRUSTEE'S OPPOSITION TO DEBTOR'S NOTICE OF CONVERSION TO CHAPTER 7, ETC.**

**TO THE HONORABLE COURT:**

**COMES NOW** Debtor, represented by Legal Partners, PSC., and through the undersigned attorney respectfully represents and prays as follows:

1. On June 16, 2020, Docket No.33, the Chapter 13 Trustee filed a motion titled "Chapter 7 Trustee'S Opposition To Debtor's Notice Of Conversion To Chapter 7 And, In The Alternative, For Reconversion To Chapter 7 In The Event Debtor Or Chapter 13 Trustee Requests The Dismissal Of The Case," hereinafter the "motion", opposing Debtor's motion to convert to Chapter 13.

2. Without providing one single legal citation, not one, the Chapter 7 Trustee opposes the conversion to Chapter 13 for which the Debtor is entitled, and furthers request in the alternative to condition any future dismissal of her case, if and when it happens. The Trustee can't prevail on her unsupported opposition, and much less condition future events.

1

*Case no. 20-01125-MCF/NW*
*In Re Leslie Caroline Blair Ramos-Izquierdo*

## DISCUSSION

### Trustee's Failure to Comply with Local Rules

3. The Chapter 7 Trustee, as any other litigant, must comply with Local Rules, and in this case, she failed to comply with Local Bankruptcy Rule 9013-2(a), which requires that motions, such as the one filed by the Chapter 7 Trustee, be supported by a legal memorandum, with bold supplied:

> (a) Supporting Memorandum Required With All Written Motions and Responses. Except as provided in subsection (b) of this LBR, **any motion or response** thereto **must be accompanied by a supporting memorandum that contains the points and authorities in support of the party's position**, together with any affidavits or documents in support thereof. The memorandum **must also include specific reference to the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, these LBRs, and/or other controlling authorities.** The memorandum and motion or response thereto may be combined in a single document.

4. As previously mentioned, the Chapter 7 Trustee's did not provide a single legal citation, much less any legal memorandum. The Trustee should have tried al least to acknowledge and anticipate that <u>Marrama v. Citizens Bank of Massachusetts</u>, 549 U.S. 365 (2007), squarely contradicts the Trustee's position, and that similar arguments of *"bad faith"* were recently discarded in <u>In re Feliciano</u>, No. 19-05016 (EAG), 2019 WL 7041858 (Bankr. D.P.R. Dec. 19, 2019), cases that we will further discuss in this motion, as the Trustee was a party to that case.

5. The Trustee must provide the legal justification for opposing Debtor's <u>nearly absolute right</u> to convert. Her opposition must be supported with a legal memorandum in support, in order to provide the Debtor an opportunity to evaluate the basis for her

2

opposition, and to form an educated opinion as to the merits of Trustee's request and object to it if necessary, which we are doing despite the bare unsupported opposition.

6.      Failing to comply with Local Bankruptcy Rule 9013-2(a), should be sufficient to summarily deny or strike[1] Trustee's unsupported opposition, and accordingly it should be denied.

**<u>Miscellaneous Bare Oppositions</u>**

7.      Without waiving Debtor's objection to Trustee's failure to comply with Local Rules and that her motion is completely unsupported by existing law, Debtor addresses the general and miscellaneous allegations made.

8.      The Trustee alleges that the Debtor's only income is from social security $2,278.00 that no amended schedules have been filed, and that no plan has been filed. See ¶7, 8 and 9 respectively of Trustee's motion.

9.      It is true that the Debtor has not filed a Chapter 13 Plan, but she is unable to file it until the case is converted to Chapter 13. We take this opportunity to represent to this

---

[1] Local Bankruptcy Rule 1001-1

(f) Failure to Comply with Local Rules. The court, sua sponte or on the motion of any interested party, may impose sanctions for failure to comply with these rules. Sanctions may include but are not limited to: the imposition of monetary sanctions; non-monetary sanctions; dismissal of the case or proceeding; striking of papers filed with the court; or denial of the relief sought, as the court in its discretion deems appropriate

Honorable Court that a draft of the plan has been prepared and that it will be filed soon after the case is converted to Chapter 13.

10.   Even though it is not required to convert a case to Chapter 13, the amended Schedules I & J were filed on June 19, 2020, Docket No. 35, and reflect that the Debtor will receive rental income of $1,100.00[2] in addition to her very good social security income. In addition, the Debtor adjusted some of her expenses to make sure that the Chapter 13 plan, to be filed, complies with all confirmation requirements, including sufficient monthly disposable income to fund a plan.

**<u>Unsupported Bad Faith</u>**

11.   Unfortunately, the Chapter 7 Trustee throws stripped allegations of *"bad faith"* in Debtor's intentions to convert her case to one under Chapter 13, suggesting perhaps that she should not try to protect her assets, and in particular the real property in which her Daughter and her family reside, a fact that the Trustee did not bring forth in her motion.

12.   The Debtor's right to convert to Chapter 13 is <u>nearly absolute</u>, and governed by section 706(a)[3], which provides that the Debtor may convert a Chapter 7 case to Chapters

---

[2]   Line 8a. of Schedule I, page 4 of 8, Docket No. 35.

[3]   (a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.
...
(d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

11, 12, or 13 **"at any time" if the case has not previously been converted under sections 1112, 1208, or 1307. 11 U.S.C. §706(a)**, subject to the condition that the Debtor may be a Debtor under such Chapter. The statue clearly appears to grant the debtor an absolute right to convert, subject to not having any prior conversions.

13. However, the Supreme Court, in <u>Marrama</u> clarified that the right is not absolute, even if the statute suggests otherwise, and that in extreme cases that *"absolute"* right can be curtailed, creating an exception to a debtor's right to convert where he or she acted in bad faith before the filing of the petition and/or during the pendency of the chapter 7 case. Id. at 374-75, 127 S. Ct. 1105. To justify its reasoning, the Supreme Court reasoned bad-faith conduct is *"tantamount to a ruling that the individual does not qualify as a debtor under chapter 13".* But the <u>Marrama</u> Court, did not specify what constitutes *"bad faith"*, but instead emphasized that to deny the nearly absolute right to convert to Chapter 13 should be only applied *"in "extraordinary cases" of bad faith where the debtor's "atypical" conduct separates him or her from "[t]he class of honest but unfortunate debtors . . . Congress sought to give . . . the chance to repay their debts should they acquire the means to do so." Id. at 374, 375, 127 S. Ct. 1105 n.11. In* <u>Marrama</u>*, for example, the debtor, in bad faith, made misleading and inaccurate statements in his schedules in order to conceal significant assets. Id. at 368, 127 S. Ct. 1105.* See <u>In re Feliciano</u>, at 2.

14. Mrs. Blair, the debtor in this case, clearly qualifies to be a Debtor under Chapter 13 under Section 109(e), because she meets the requirement of being *"an individual with regular income"* whose secured and unsecured debts are less than the established limits. The Trustee did not even adventure to allege otherwise. The Debtor receives a very good

5

and steady social security income, and now she will receive rental income allowing her to retain the family property and to fund a Chapter 13 plan. The Debtor will timely file a plan, but it will be premature to file it pre-conversion. The Debtor need not *"confirm"* the plan to convert to Chapter 13, see Santiago-Monteverde v. Pereira (In re Santiago-Monteverde), 512 B.R. 432, 443 (S.D.N.Y. 2014) cited in support in Feliciano, at 3. *"[i]f a debtor seeking conversion to Chapter 13 has income that is sufficiently regular and stable to enable him or her to make payments under some hypothetical Chapter 13 plan, the gatekeeping definitional requirement of 101(30) is satisfied.".*

15.     Again, the Trustee has not even attempted to support her allegation of *bad faith*, as there is none. See, In re Moore, 577 B.R. 836, 837 (Bankr. D. Mass. 2017) (granting debtors' motion to convert to chapter 13, finding that *"the debtors' decision to convert, even if motivated by a desire to prevent the trustee from selling their home, does not constitute bad faith under Marrama."* Debtor's request to convert is predicated in her interest in protecting her assets and her family's welfare, and there nothing wrong with that. She deserves a reasonable opportunity to propose a confirmable plan, including the best interests of creditors test under section 1325(a)(4).

16.     The Trustee suggests, <u>without any legal support</u>, that if the case is converted to Chapter 13, as it is Debtor's nearly absolute right, that somehow it be preconditioned to being reconverted to Chapter 7 if it where to be dismissed at any time in the future. As stated before, the Trustee provides no legal support, the request is premature and unwarranted. We are <u>certain</u>, and we can provide specific instances if contested by the Trustee, that the Chapter 13 Trustee will move for the reconversion to Chapter 7, if he

believes there are reasons supporting such reconversion, not economic and/or operational considerations only, as it's seems is the underlying theme in Trustee's opposition and bad faith allegation. If and when, the *"dismissal"* scenario comes up, *arguendo,* the Debtor would be entitled under her *due process rights* to argue in favor or against the reconversion to Chapter 7 and to present evidence and legal support, which is lacking in the Chapter 7 Trustee's opposition.

### CONCLUSION

17. It is Trustee's burden to show a valid opposition to Debtor's nearly absolute right to convert to Chapter 13. It is Trustee's obligation to comply with Local Bankruptcy Rules. The Trustee has not met her burden, and cannot meet her burden. The Trustee's motion should be summarily denied and the case converted to one under Chapter 13, allowing Debtor to file a plan.

**WHEREFORE** we pray from this Honorable Court to strike and/or deny Trustee's opposition to Debtors Notice to Convert to Chapter 13, as it failed to meet her burden and to comply with Local Bankruptcy Rule 9013-2(a), with any further relief that is just and proper.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification, upon information and belief, of such filing to: Monsita Lecaroz Arribas, Esq., U.S. Trustee's Office, and Noreen Wiscovitch Rentas, Esq., in addition to any and all parties registered in this case to receive CM/ECF Notices. We will serve by regular mail this document to any the above-named persons, upon knowing that they are non CM/ECF participants.

**RESPECTFULLY SUBMITTED.**

In Carolina, Puerto Rico, June 25, 2020

**LEGAL PARTNERS, P.S.C.**
138 Winston Churchill Ave., PMB 316
San Juan, P.R. 00926-6023
Telephone: (787) 791-1818
Fax: (787) 791-4260

*/s/Juan M. Suárez Cobo*
**JUAN M. SUÁREZ COBO**
USDCPR 211010
suarezcobo@gmail.com

Attorney for:
Leslie Caroline Blair Ramos-Izquierdo